UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: CHRYSLER PACIFICA FIRE RECALL
PRODUCTS LIABILITY LITIGATION

MDL No. 3040

Case Number 22-md-03040
Honorable David M. Lawson
Magistrate Judge Elizabeth S. Stafford

_____/

**PRETRIAL ORDER NO. 1: INITIAL SCHEDULING
BENCHMARKS AND APPOINTMENT OF LEAD COUNSEL**

Several civil actions have been filed in various districts involving alleged defects in vehicles manufactured by FCA US LLC (commonly referred to as Fiat Chrysler Automobiles, FCA, or Chrysler) known as Chrysler Pacifica Hybrid plug-in electric minivans (Pacifica Hybrids). On August 3, 2022, the Judicial Panel on Multidistrict Litigation (JPML) ordered these actions under 28 U.S.C. § 1407 to be centralized in the Eastern District of Michigan and assigned the actions to the undersigned. After notice to all counsel of record, the Court conducted an initial status and scheduling conference on October 14, 2022 on the record in open court and, after due consideration, established certain protocols and preliminary scheduling deadlines.

Accordingly, it is **ORDERED** as follows:

**I.** **Applicability of Order**. The provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the JPML. This Order applies to all related cases filed in all divisions of the Eastern District of Michigan and all "tag-along actions" later filed in, removed to, or transferred to this Court.

**II.** **Consolidation**. The civil actions transferred to this Court or related to the actions already pending before this Court are consolidated for pretrial purposes. Any "tag-along actions" transferred to this Court, or directly filed in the Eastern District of Michigan, will be consolidated

automatically with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

   **III.** **Master Docket File**. The Clerk of Court will maintain a master docket case file under the style "In re: Chrysler Pacifica Fire Recall Products Liability Litigation" and the identification "MDL No. 3040." When a pleading or other paper is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to: ALL ACTIONS." When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document relates shall appear immediately after the words "This Document Relates to."

   **IV.** **Appearances, Admissions, and Filing**. Each attorney of record is obligated to become an Eastern District of Michigan ECF Registered User, complete the ECF training, and be assigned a user ID and password for access to the Case Management/Electronic Case Filing (CM/ECF) system. If she or he has not already done so, counsel shall register forthwith to become an ECF User, complete the ECF training, and be issued an ECF User ID and password. To do so, attorneys must be admitted to practice in this district for MDL purposes. Attorneys may contact the Clerk at attyhelp@mied.uscourts.gov to request assistance. All lead counsel and members of the Plaintiffs' Steering Committee must be admitted to practice in this district for all purposes. An attorney wishing to appear before the Court also must be admitted for all purposes. Attorney admission is governed by E.D. Mich. LR (Local Rule) 83.20. Association of local co-counsel for the plaintiffs is not required. All attorneys of record will be required to file documents via the Court's CM/ECF system. All documents shall be e-filed in the Master file, 22-md-3040.

Documents that pertain to one or only some of the pending actions shall also be e-filed in the individual case(s) to which the document pertains. Registration instructions for *pro se* parties who wish to e-file can be found on the Court's website at http://www.mied.uscourts.gov/pdffiles/Pro_se_Efile_application.pdf.

**V. Consolidated Master Complaint; Responses**. The plaintiffs must file a consolidated master complaint **on or before November 4, 2022**. If the defendant intends to challenge jurisdiction, either subject matter or personal, then it must file an appropriate motion **on or before November 25, 2022**. The defendant must file additional responses to the complaint in the form of an answer or a motion under Federal Rule of Civil Procedure 12(b) **or on before December 19, 2022**.

**VI. Appointment of Lead Counsel**. The unopposed motion to establish the plaintiffs' leadership structure (ECF No. 5) is **GRANTED**. The Court designates the following counsel as plaintiffs' Co-Lead Counsel and Co-Chairs of the Plaintiffs' Steering Committee (PSC):

| | |
|---|---|
| E. Powell Miller<br>The Miller Law Firm, P.C.<br>950 West University Drive, Suite 300<br>Rochester, Michigan 48307<br>248-841-2200<br>epm@millerlawpc.com | Steve W. Berman<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, Washington 98101<br>206-623-7292<br>steve@hbsslaw.com |

The Court vests Messers. Miller and Berman, as Co-Lead Counsel and PSC Co-Chairs, with the authority and duty to coordinate and oversee the PSC responsibilities set forth below; to schedule PSC meetings and keep minutes or transcripts of these meetings; to appear at periodic Court-noticed status conferences and hearings; to sign and file all pleadings relating to all actions; and to bind the PSC in scheduling settlement discussions and discovery, setting agendas, entering into stipulations, and in other necessary interactions with the settlement master (if any), defense counsel, and the PSC. Messers. Miller and Berman also shall have the authority to retain the

services of any attorney not part of the PSC to perform any common benefit work, provided the attorney so consents and is bound by the PSC's compensation structure. They shall perform other necessary PSC administrative and logistical functions and carry out any other duty as the Court may order.

VII. **Appointment of Plaintiffs' Steering Committee**. The Court designates the following counsel members of the Plaintiffs' Steering Committee (PSC):

> Stephen R. Basser
> Barrack Rodos & Bacine
> 600 W Broadway, Suite 900
> San Diego, California 92101
> 619-230-0800
> sbasser@barrack.com

> Niall McCarthy
> Cotchett, Pitre & McCarthy
> 840 Malcolm Road, Suite 200
> Burlingame, California 94010
> 650-697-6000
> NMcCarthy@cpmlegal.com

> Gayle Blatt
> Casey Gerry Schenk Francavilla Blatt & Penfield LLP
> 110 Laurel Street
> San Diego, California 92101-1486
> 619-238-1811
> gmb@cglaw.com

The PSC is responsible for creating its own structure, including establishing subcommittees, subject to the Court's approval. The Court recognizes that changes to the PSC's organization may be necessary as the litigation progresses and new details emerge.

VIII. **Terms of Appointment**. The appointments of Co-Lead and the PSC are personal to the individual attorney appointed. Although the Court has considered PSC members' resources and expects they will draw upon their firms and co-counsel to assist them with their duties, each member is personally responsible for his or her duties. The Court may add or replace members upon request from the PSC, or on its own motion, if and as circumstances warrant.

It is intended and expected by the Court that, as to all matters common to the coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any

and all plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through the PSC.

The Court will make the final determination as to the compensation and reimbursement of plaintiffs' counsel. All timekeepers carrying out work for the plaintiffs' common benefit, including PSC members, who may look to any common fund or agreement for reimbursement or compensation shall maintain detailed and contemporaneous time records. The Court will provide further details in a subsequent Order.

**IX. Duties of Co-Lead Counsel.** Co-Lead Counsel, in consultation with the PSC as appropriate, shall do the following, and shall prepare a writing that specifies their respective duties as they may divide them between themselves:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;

- Maintain in conjunction with their accountant records of receipts and disbursements advanced by PSC members and received by the PSC and report in writing to the PSC concerning disbursements and receipts;

- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

- Designate counsel to schedule depositions, set agendas, and otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);

- Determine (after consultation with other members of the PSC and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

• Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

• Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

• Prepare and distribute to the parties periodic status reports;

• Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

• Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

• Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further Order of the Court;

• Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court;

• Maintain and distribute to co-counsel, to defendant's counsel, and to the Court an up-to-date service list regularly;

• Receive and, as appropriate, distribute to co-counsel Orders from the Court and documents from opposing parties and counsel;

• Assist in the coordination of activities, discovery, meetings, and hearings and assist in resolving scheduling conflicts among the parties; and

• Coordinate, as appropriate, the pretrial activities in this proceeding with parallel state court litigation involving the product defects alleged in master complaint to be filed in this case.

Counsel for plaintiffs who have individual or divergent positions because of the status of their clients may present written and oral argument with leave of the Court and provided that in doing so they do not repeat arguments, questions, or actions of the Lead Counsel.

    **X**    **Discovery Protocol Orders**.  The parties must submit to the Court a proposed protective order and a proposed order establishing a protocol for discovery of electronically stored information (ESI) **on or before December 20, 2022**.

**XI. Case Management Plan**. Before the status conference, the parties presented a proposed scheduling order suggesting case management dates. The Court encourages the parties to sequence their discovery tasks to ensure compliance with all of the following case management deadlines. **Although separate deadlines have been established for completion of discovery relating to class certification and merits issues, the Court will not countenance objections to production of any discoverable material on the basis that the requested information relates to only one category of issues or the other.** After consideration of the parties' positions, the Court **ORDERS** the following scheduling benchmarks:

> **Initial Disclosures**. Initial disclosures on class *and* merits issues under Federal Rule of Civil Procedure 26(a)(1) must be exchanged **on or before December 20, 2022**.
>
> **Class Certification and Related Discovery.** Expert disclosures on class certification issues under Federal Rule of Civil Procedure 26(a)(2) must be served by the plaintiffs **on or before July 5, 2023**, and by the defendant **on or before August 7, 2023**. All discovery on class issues must be completed **on or before October 2, 2023**. The plaintiffs must file their motion for class certification **on or before October 31, 2023**. Responses and replies to the motion will be governed by E.D. Mich. LR 7.1.
>
> **General Discovery.** Expert disclosures on merits issues under Federal Rule of Civil Procedure 26(a)(2) must be served by the plaintiffs **on or before December 18, 2023**, and by the defendant **on or before January 29, 2024**. All discovery on merits issues must be completed **on or before March 15, 2024**. The limitation on the number of depositions stated in Rule 30(a)(2)(A)(I) is **SUSPENDED**. If the parties encounter discovery difficulties or disputes, including scheduling disputes, they promptly shall contact Magistrate Judge Elizabeth S. Stafford to schedule a telephone conference to address those disputes. If the dispute remains unresolved, the parties should file an appropriate motion promptly.
>
> **Motions Challenging Expert Witnesses.** Motions challenging the admissibility of expert witness testimony under Federal Rules of Evidence 702, 703 or 705 on class issues must be filed **on or before October 24, 2023**. Motions challenging the admissibility of expert witness testimony under Federal Rules of Evidence 702, 703 or 705 on merits issues must be filed **on or before April 15, 2024**. If such motion requires a testimonial hearing, it should be filed within sufficient time to permit scheduling a hearing so as not to interfere with the trial date. All such motions must include specific references to the witness's deposition and attach pertinent excerpts of the depositions, and all other record material needed to establish the foundation for the motion. Responses and replies to motions will be governed by E.D. Mich. LR 7.1.

**Dispositive Motions.** Dispositive motions must be filed **on or before April 15, 2024**. No party may file more than one motion for summary judgment without obtaining leave of Court. Challenges to multiple counts of a complaint must be brought in a single motion. Briefs in support of motions for summary judgment must contain a recitation of the undisputed facts with specific references to the record. If facts are disputed, the moving party must explain how the fact is not material to the dispute. Responses and replies to motions will be governed by E.D. Mich. LR 7.1.

XII. **Modifications.** Requests for extension of the scheduling order date are not routinely granted. All requests must be made *in writing* to the Court setting forth good cause, *see* Fed. R. Civ. P. 16(b)(4), and a proposed amended case management plan. The Court will consider persuasiveness of the reasons for the extension and the overall reasonableness of the request, including its effect on the other dates in the scheduling order.

XIII. **Motion Practice**. The Court strictly enforces the requirements of Eastern District of Michigan Local Rules 5.1 and 7.1 and the Electronic Filing Policies and Procedures for all motions. Failure to follow these rules likely will result in a denial of the motion and may lead to sanctions. Pay particular attention to these features:

A. The Court requires strict compliance with LR 7.1(a), which requires moving parties to seek concurrence before filing a motion. The Court requires that a good-faith effort be made to obtain concurrence, which normally involves actual contact with opposing counsel. If no actual conversation occurs, the moving party must show that reasonable efforts were undertaken to conduct a conference. All of this must be documented specifically in the motion papers.

B. Do NOT docket any proposed orders in the ECF system, either separately or as an exhibit to any other filing. If a proposed order is to be submitted, it should be sent via the "document utilities" feature of the ECF system.

C. All briefs must comply with Eastern District of Michigan Local Rules 5.1 and 7.1, must contain citations to appropriate authorities within the text of the brief (not in footnotes), and citations must conform to the latest edition of The Bluebook: A Uniform System of Citation published by the Harvard Law Review. Unpublished material must include a reference to a Westlaw citation. Copies of unpublished cases should NOT be included as exhibits to briefs where a Westlaw citation is provided. Briefs must contain a concise statement of facts; facts stated in the statement of facts *must* be supported with citations of either the pleadings, interrogatories, admissions, depositions, affidavits, or

documentary exhibits. Footnotes are discouraged, but if they are utilized, they must be printed in the same font size as the text, which may not be less than 14-point, proportional text (or 10½ characters per inch non-proportional).

D. Answers to motions and supporting briefs must be filed according to the schedule set forth in LR 7.1(d). Note that Rule R5(e) of the Electronic Filing Policies and Procedures prohibits combining an answer to a motion with a counter-motion in the same filing. *The Court does not issue a briefing schedule. The Court enforces the response and reply due dates as set forth in LR 7.1(d) and Fed. R. Civ. P. 6, even when the motion hearing is set far in advance.* Attorneys who do not respond to motions in a timely fashion are not permitted to argue before the Court during oral argument, if oral argument is scheduled.

E. Courtesy copies of motions and briefs must be provided to chambers in accordance with Rule R5(b) of the Electronic Filing Policies and Procedures.

F. If a hearing is necessary, the Court's Case Manager will send out a notice of the hearing date.

XIV. **Settlement Master**. All parties are invited to file any suggestions of person(s) to be appointed as Special Settlement Master. The submissions must be filed **on or before December 12, 2022**, and each submission shall not exceed three pages. Any responses, objections, or support for persons suggested by other parties shall be filed **on or before December 16, 2022**.

XV. **Status Conference Schedule**. The Court will schedule status conferences on a monthly basis. The Court may cancel a conference if there appears to be no need for it. Status conferences must be attended in person by lead counsel for the plaintiffs and by defense counsel. Other counsel for the plaintiffs may attend. The conferences will be conducted in open court and a record will be made. The next four conferences will be held on:

> Tuesday, December 20, 2022 at 2:30 p.m.
> Wednesday, February 15, 2023 at 3:00 p.m.
> Wednesday, April 12, 2023 at 3:00 p.m.
> Thursday, May 16, 2023 at 2:00 p.m.

XVI. **Preservation of Evidence**. All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including electronically stored information. Any evidence preservation order previously entered in any of the transferred actions shall remain

in full force and effect until further order of the Court. Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation. Counsel, as officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties, of their preservation obligations.

s/David M. Lawson_____<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   October 17, 2022